Reverend Juan Jose Brookins v. Peter Blotnick, et al. Good morning, Your Honors. My name is Reverend Dr. Juan Jose Brookins, and I am the tribal court judge, solicitor general, and trust protector for the Common Law Ecclesiastic Indigenous Foreign Express Trust Consortium as the plaintiff in this case. I am grateful for the opportunity to address this honorable court in the appeal of Brookins v. Figuccio. And today, I respectfully ask that this court reverse Judge Gary R. Brown's dismissal of this case due to the fact he demonstrated personal bias against me and his erroneous application of the law. And I respectfully request that this court remand this case back to the Eastern District of New York for adjudication before a different judge. First, Judge Brown's memorandum of decision dismissing this case exhibits a clear personal bias. The decision begins with a disparaging statement accusing me of a long history of verbose filings, questionable litigation conduct, and flouting of court orders, and falsely claims that I engaged in the unlicensed practice of law. These statements are not only unsupported by any evidence or prior judicial findings, but is also irrelevant to the case's merits. They constitute a personal attack on my character, which has caused me defamatory harm. For example, in an unrelated case in the New York Supreme Court, opposing counsel cited Judge Brown's remarks to falsely conflate my identity with another litigant, Joshua Amen Shechemel-Bey. Similarly, in a Nevada case, attorneys misused my private correspondence I sent to them and used Judge Brown's ruling to undermine the trust's interests. These incidents demonstrate the real-world harm of Judge Brown's biased language, which any reasonable person would interpret as a personal animus. On March 3, 2022, Judge Brown summarily dismissed this case sua sponte without a proper procedural due process hearing that I subsequently appealed to this Honorable Court, which this Court reversed on March 21, 2023. Upon reopening this case before Judge Brown, I was met with inexplicable interrogatories of what my name and address was, and that I needed to retain an attorney to represent the trust. As the trust protector of a common law foreign express trust created by the unalienable right to contract, said trust can be represented by a trustee in my own name, according to the Federal Rules of Civil Procedure Rule 17E, which governs the provisions of statutory law for the capacity to sue. 17E distinctly specifies that a trustee of an express trust can sue in their own name without joining the person for whose benefit the action is brought. In the case of Berry v. McCourt, the Court held that an express trust is a contractual relationship based on trust form. And in the case of Smith v. Morse, it was held that any law or procedure in its operation denying or obstructing contract rights impairs a contractual obligation and is therefore violative of Article I, Section 10, Clause 1.6 of the Constitution. Because the express trust is created by the exercise of the natural right to contract, which cannot be abridged, the trust contract agreement, when executed, becomes protected under the federally enforced right of contract law and not under laws passed by any several state legislatures. And in President Woodrow Wilson's address before the American Bar Association at Chattanooga, Tennessee, on August 31, 1910, titled A Lawyer and the Community, he stated that the trustees of an express trust have greater latitude than ordinary trustees simply because such trust created by an individual's sui juris legal status may do whatever an individual's sui juris may do, which means that an express trust itself is sui juris. President Wilson also stated that as a general proposition, it may be asserted that one who creates such a trust may mold it into whatever form he pleases and whatever one may lawfully do himself, he may authorize another to do for him. Secondly, Judge Brown's dismissal of the case for trustees' failure to retain an attorney was legally erroneous. As trustee of a common law express trust, I have the right to sue in my own name without an attorney pursuant to Rule 17E and without joining the beneficiary. Additionally, Judge Brown's sua sponte dismissal in 2022, which this Court reversed in 2023, and his subsequent demands for irrelevant interrogatories about my name and address further suggest bias and lack of due process. His insistence on an attorney despite clear legal authority to the contrary and his derogatory remarks unrelated to the dismissal stated grounds indicate a pattern of unfair treatment. For these reasons, I respectfully request that this Court find that the Judge Brown's ruling was tainted by personal bias, reverse his dismissal as arbitrary and capricious, and remand the case back to the Eastern District of New York for full adjudication before a different judge. I also seek any further relief this Court may deem just and proper. Thank you. I respectfully request, if you have any questions. I think we have your argument. Thank you, Reverend Brookings. God bless you. We take the case under advisement. Thank you.